**Inez A. BUTLER, Plaintiff,**

v.

**Thomas TURNAGE, Administrator of Veterans Affairs, Veterans Administration, Defendant.**

**No. 86–1310–CV–W–3.**

United States District Court, W.D. Missouri, W.D.

Nov. 15, 1988.

James Marshall Smith, Legal Aid of Western Missouri, Kansas City, Mo., for plaintiff.

E. Eugene Harrison, Asst. U.S. Atty., Kansas City, Mo., for defendant.

MEMORANDUM AND ORDER

ELMO B. HUNTER, Senior District Judge.

Before the Court is plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). The present action was filed on December 23, 1986, against Thomas Turnage as administrator of the Veterans Administration ("VA"). Plaintiff alleged that

her Fifth Amendment procedural due process rights were violated by the defendant's regulations which required her to travel from Kansas City to St. Louis, a distance of approximately 250 miles, in order to receive a hearing on her request for a waiver of repayment for overpaid VA benefits. On April 20, 1987, the United States filed a motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief could be granted. While that motion was pending, by a letter dated July 1, 1987, defendant informed plaintiff that it would, in her individual case, grant a relocated hearing in Kansas City. On July 13, 1987, upon defendant's motion, the Court dismissed without prejudice plaintiff's claims as being moot. Plaintiff later filed a motion to alter, amend or vacate the judgment which was denied on March 24, 1988. Plaintiff then made a timely application for attorney's fees pursuant to the EAJA.

28 U.S.C. § 2412(d)(1)(A) provides that a prevailing party in a suit against the United States, including suits for review of agency actions, shall be awarded attorney's fees and other expenses unless the Court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. The record shows that plaintiff qualifies as a "party" under the EAJA. Furthermore, plaintiff may be considered to have prevailed over the United States in this action in that the resolution of this action included granting at least part of the requested relief. *Omaha Tribe of Nebraska v. Swanson,* 736 F.2d 1218 (8th Cir.1984).

■ Because plaintiff qualifies as a prevailing party in a suit against the United States, an award of fees and costs under the EAJA is proper unless the government can show that its litigation position was "substantially justified". The term substantially justified is defined as having a reasonable basis both in law and fact. *Pierce v. Underwood,* 487 U.S. ——, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). In the present case, the Court is constrained to find that the government's position was

substantially justified. The gravamen of plaintiff's complaint is that by requiring plaintiff to travel from Kansas City to St. Louis in order to receive a hearing, the defendant's regulations resulted in a denial of a hearing in violation of the due process clause of the Fifth Amendment. Generally, the requirements of procedural due process are flexible with each situation. As set out in *Mathews v. Eldridge,* 424 U.S. 319, 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), the amount of process due varies according to the type of interest affected, the risk of erroneous deprivation by the current agency procedures, the reduction of that risk by additional procedures, and the administrative burden of the additional procedural requested. *Id.* at 335, 96 S.Ct. at 903. Additionally, the Court notes that this analysis is to be conducted with consideration toward the generality of cases, and not the risk of error embodied in an individual case. *Walters v. National Association of Radiation Survivors,* 473 U.S. 305, 321, 105 S.Ct. 3180, 3189, 87 L.Ed.2d 220 (1985).

■ The decision regarding the location of the hearing was governed by a Veterans Administration regulation, 38 CFR § 3.103(c) which provides, in part:

> *Hearings*—Upon request a claimant is entitled to a hearing at any time on any issue involving a claim within the purview of this part. The Veterans Administration will provide the place of hearing in the Veterans Administration office having original jurisdiction of the claim or at the Veterans Administration office nearest his home having adjudicative functions and will provide Veterans Administration personnel who have original determinative authority of such issues to be responsible for the preparation of the transcript; however, further expenses involved will be the responsibility of the claimant.

The Veterans Administration has only 59 offices which perform the adjudicative function. It is not disputed that the St. Louis office is the nearest such office, to Kansas City. To comport with plaintiff's demands regarding the location of such adjudicative panels, the VA would be re-

quired either to create an adjudicative office every 250 miles nationwide or repeal 38 CFR § 3103 and devise a new system of "roving" hearing boards. Either course of action clearly implicates the fourth branch of the Matthews test which weighs the administrative burden which the additional process sought would place on the agency. The Court, on the issues before it, need not delve into the balancing process embodied in the Matthews test. The issue is whether or not the VA was acting reasonably in opposing plaintiff's claims for relief. In light of the great changes in the current system which would be required in granting plaintiff's requested relief it appears that the government has a substantial interest in adhering to its existing system. Because that interest is a valid consideration for opposing such change under the Matthews test, the Court concludes that the VA was substantially justified in defending this action.

Therefore, plaintiff's claims for attorney's fees under the Equal Access to Justice Act must be and hereby are DENIED as lacking merit.

IT IS SO ORDERED.